# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv54

| | |
|---|---|
| TONY RAY CARROLL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act [Doc. 21] and Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 26].

## I. PROCEDURAL HISTORY

On October 22, 2010, this matter was remanded to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g) on the Defendant's unopposed motion for reversal and remand for further administrative proceedings. [Doc. 18]. On January 14, 2011, the Plaintiff filed a motion for attorney's fees in the amount of $6,812.12 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). [Doc. 21].

Plaintiff's request for an award of attorneys' fees was based in part on work performed by Russell R. Bowling, an attorney licensed in North Carolina and admitted to the bar of this Court, and in part on work performed by Charles Martin and Jane Muller-Peterson, out-of-state attorneys who are not admitted to practice in this District. [See Doc. 22]. On January 21, 2011, the Defendant moved the Court to hold the Plaintiff's motion in abeyance until the Court of Appeals for the Fourth Circuit had decided a pending appeal in the case of Priestley v. Astrue, a South Carolina case also involving Charles Martin, which presented the issue of whether attorneys who are not admitted to practice before the district court in which the case is pending should be compensated under the EAJA. [Doc. 23]. The Court granted the Defendant's motion on February 25, 2011, and the Plaintiff's request for attorney's fees was therefore held in abeyance. [Doc. 24].

On July 7, 2011, the Court of Appeals for the Fourth Circuit issued an opinion in Priestley v. Astrue, 651 F.3d 410, 418 (4th Cir. 2011). Thereafter, the Plaintiff received notification from the Social Security Administration on September 1, 2011 that a favorable decision had been rendered in his case. [Doc. 27-1]. The Social Security Administration commenced paying benefits to the Plaintiff and withheld the sum of $18,709.75 to pay any subsequent

award of attorneys' fees. [Id.]. The Plaintiff then filed a motion seeking an award of attorney's fees in the amount of $8,709.75 pursuant to 42 U.S.C. § 406(b)(1).[1] [Doc. 26]. The Defendant subsequently filed responses to both of Plaintiff's motions, indicating that he does not have any opposition to the fees requested. [Docs. 30, 32].

## II. DISCUSSION

As noted above, this matter had been held in abeyance pending a decision by the Fourth Circuit Court of Appeals in Priestley. Now that the Priestley case has been decided, this matter is ripe for disposition.

The parties offer no argument as to what effect, if any, the Priestley decision has on the Plaintiff's ability to recover fees for the work performed by attorneys Martin and Muller-Peterson. As the Defendant has consented to the amount of fees requested by the Plaintiff, it is presumably the position of both parties that Priestley has no adverse effect whatsoever on the Plaintiff's ability to recover. Nevertheless, the Court must examine the issue.

Priestley was a consolidated appeal of three separate Social Security cases filed in the District Court for South Carolina. 651 F.3d at 412. In each

---

[1] Plaintiff's counsel has requested the sum of $10,000.00 from the Social Security Administration for services performed at the administrative level pursuant to 42 U.S.C. §406(a). [Doc. 27 at 2]. Thus, the balance remaining is $8,709.75.

case, the plaintiff was represented by a South Carolina attorney, Paul T. McChesney.  Id.  In the course of representing these plaintiffs, McChesney retained attorneys Charles Martin and Perrie H. Naides of the firm Martin and Jones, a Georgia law firm, to assist him by providing legal research and drafts of briefs and other filings.  Id. at 413.  Martin and Naides were not licensed to practice law in South Carolina, nor were they admitted to practice in the district court.  Id.  In the course of their work on the plaintiffs' cases, Martin and Naides never spoke with the plaintiffs nor with opposing counsel.  Id.  Rather, their involvement was limited to submitting draft pleadings to McChesney, who then reviewed, edited, signed, and filed the documents.  Id.  Occasionally, Martin was listed on filed documents as "attorney for plaintiff" or as being "on the brief," and on some occasions, his name was accompanied by an electronic signature.  Id.  In their affidavits submitted in submitted in support of the fee request, Martin described himself as "counsel for the plaintiff," and Naides stated that she "provided legal services in support of the representation."  Id. at 413-14.

The district court in Priestley declined to award fees under the EAJA to the plaintiffs for the work performed by Martin and Naides.  Specifically, the district court reasoned that the attorneys' failure to gain admission under the

4

court's local rules constituted a "special circumstance" which rendered a fee award for their work "unjust" under 28 U.S.C. § 2412(d)(1)(A). Id. at 414. On appeal, the Fourth Circuit reversed. Noting the limited role that Martin and Naides served in representing the plaintiffs, the Court concluded that the use of these non-admitted lawyers for brief writing services did not present special circumstances sufficient to deny a fee award under the EAJA. Id. at 418 ("While it may be unjust to compensate individuals who, without proper licensure, directly represent clients and, on their behalf, file papers and appear before the court, there is nothing inequitable or 'unclean' about the supporting role that Martin and Naides actually played in these cases.").

Thus, according to the rule announced in Priestley, a party may recover fees under the EAJA for the work performed by a non-admitted attorney, so long as that attorney maintains a limited "supporting role," such as providing brief writing services to a party's counsel. If the non-admitted attorney engages in direct representation of the client, such as appearing before the court, meeting with the client, contacting opposing counsel, or filing papers on the client's behalf, then the Court may decline to award fees for such attorney's work under the EAJA.

In the present case, Martin is licensed only in the State of Georgia, and Muller-Peterson is licensed only in the Commonwealth of Pennsylvania. Neither Martin nor Muller-Peterson is admitted to practice before this Court, and neither has requested or obtained *pro hac vice* admission in this case. Thus, in order to determine whether the Plaintiff is entitled to recover fees for the services rendered by these attorneys, the Court must analyze the nature of the work they performed as well as their relationship with the Plaintiff.

In his Affidavit submitted in support of the EAJA fee request, Martin describes himself as an "attorney providing District Court and brief writing services for Russell R. Bowling, attorney for plaintiff."[2] [Doc. 22-4 at ¶1]. Muller-Peterson states in her Affidavit submitted in support of the fee request that she "provided legal services in support of the representation of [Plaintiff] to Russell R. Bowling." [Doc. 22-5 at ¶1]. According to Bowling's Sworn Statement, Martin and Muller-Peterson had no contact with the Plaintiff during the course of this litigation. [Doc. 22-3 at ¶9]. Bowling alone signed and filed the Complaint. [See Doc. 1]. In his Sworn Statement, Bowling states that Martin and Muller-Peterson reviewed the Plaintiff's case and presented him with "a memo setting out a proposed strategy for litigation." [Doc. 22-3 at

---

[2]Martin does not specify what kind of "District Court services" he provided to Bowling in this case.

¶10]. Bowling states that upon reviewing the facts of the case, the applicable law, and the above-referenced memo, he authorized Martin and Muller-Peterson to prepare the Plaintiff's brief. [Id. at ¶11]. Bowling further states that he evaluated and revised the brief prepared by Martin and Muller-Peterson and upon approving it, filed it with the Court. [Id. at ¶¶13, 14]. Martin and Muller-Peterson are listed as being "on the brief" on the Memorandum in support of the Motion for Summary Judgment. [Doc. 15 at 30]. The Memorandum, however, is electronically signed and filed only by Bowling. [Id. at 29]. According to Bowling, Martin and Muller-Peterson have provided no services to the Plaintiff except as a part of Bowling's own work product. [Id. at ¶¶9, 12].

Bowling's relationship with attorneys Martin and Muller-Peterson appears to be similar to the relationship between the non-admitted attorneys and the plaintiffs' counsel in Priestley. Some aspects of the attorneys' relationship, however, do give the Court pause. For example, Bowling states that Martin and Muller-Peterson evaluated the merits of the case and provided him with a memorandum setting out a proposed strategy for litigation. At first blush, this kind of evaluation appears to go far beyond the "supporting role" of a mere brief writer and suggests that Martin and Muller-Peterson had a

more significant role in directing the litigation. In light of Bowling's repeated assertions that he conducted his own evaluation of the facts of the case and the applicable law, and that he alone has been fully responsible for the representation of the Plaintiff throughout the course of this litigation, however, the Court does not find the evaluation of this case by non-admitted attorneys to be improper. Because Bowling retained Martin and Muller-Peterson for the limited purpose of providing brief writing services, and the record reflects that Martin and Muller-Peterson did not engage in any *direct* representation of the Plaintiff, the Court concludes that the Plaintiff may recover a reasonable fee for their services, despite the fact that they have not been admitted to practice before this Court.

Having determined that the Plaintiff is entitled to recover attorney's fees for the work performed by Bowling, Martin, and Muller-Peterson, the Court must now determine what would constitute a reasonable award. With respect to the Plaintiff's request for an award of attorney's under the EAJA, the parties agree that the sum of $6,812.12 should be paid by the Social Security Administration to the Plaintiff's counsel, as assignee of the Plaintiff, as full settlement in satisfaction of any and all claims for attorney's fees under the EAJA. [Docs. 21, 32]. The parties further agree that a reasonable fee

pursuant to the Social Security Act, 42 U.S.C. § 406(b), in connection with services performed before this Court, is the sum of $8,709.75. [Docs. 26, 30]. The Court has reviewed the parties' submissions and has determined that the agreed-to sum of $6,812.12 is a reasonable fee pursuant to the EAJA and that the agreed-to sum of $8,709.75 is a reasonable fee pursuant to 42 U.S.C. § 406(b).

Finally, the parties acknowledge that pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S.Ct. 2521, 2526-27, 177 L.Ed.2d 91 (2010), an award of fees under EAJA is payable only to the Plaintiff as the prevailing party and is thus subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the federal government. Nevertheless, the Plaintiff requests that the EAJA award be paid directly to his counsel as his assignee pursuant to the parties' Fee Agreement. [Doc. 21]. The Commissioner indicates that he is willing to accept Plaintiff's assignment of such fees to counsel, so long as it is determined that as of the date of this Order, the Plaintiff owes no debt to the Government that would be subject to offset. [Doc. 32]. The Court finds that this arrangement sufficiently harmonizes Plaintiff's request to honor his assignment with the ruling in Ratliff.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act [Doc. 21] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of $6,812.12, which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 26] is hereby **GRANTED**, and Plaintiff's counsel Russell R. Bowling is hereby awarded attorney's fees in the amount of $8,709.75 pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund to the Plaintiff the lesser of the EAJA fees which have been paid and received or the fees received pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide any valid fee assignment to the Commissioner.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: February 6, 2012

Martin Reidinger
United States District Judge